**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND**

| | |
|---|---|
| **NOAH SEKALA**, *individually and on behalf of those similarly situated*, | CASE NO.  1:24-cv-1369 |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | CLASS ACTION |
| **JUST MIKE'S JERKY COMPANY, INC.**, | |
| Defendant. | |

**COMPLAINT & DEMAND FOR JURY TRIAL**
**(Class and Collective Action Complaint)**

Plaintiff, Noah Sekala, on his own behalf and on behalf of those similarly situated (collectively referred to as "Plaintiffs"), were employees of Defendant, Just Mike's Jerky Company, Inc. ("Defendant"), and bring this action for unpaid minimum wages, overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and the Ohio Prompt Pay Act, R.C. § 4113.15.

## INTRODUCTION

1.     Plaintiff, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq*., to recover unpaid minimum and overtime wages owed to Plaintiff and all other similarly situated workers employed by Defendant; and (b) a Federal Rule of Civil Procedure 23 class action under the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code Ann. §§ 4113.15.

2.     The Fair Labor Standards Act was passed in 1938. Its principal purpose was to protect all covered workers from substandard wages and oppressive working hours, labor

conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.      The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707–08, 65 S.Ct. 895, 902 (1945).

4.      To the extent any partial payments have been made by Defendant to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

5.      Defendant violated the FLSA by failing to pay Plaintiffs and other similarly-situated employees for breaks of less than 20 minutes.

6.      This action is intended to include each and every hourly paid employee who performed services on behalf of Defendant during the three years prior to the date of the filing of this Complaint to the present.

## PARTIES

7.      Plaintiff, and those similarly situated individuals, were paid an hourly rate, in exchange for work performed for Defendant.

8.      Plaintiff Noah Sekala is an individual and resident of the State of Ohio.

2

9.     Plaintiff previously was employed by Defendant from approximately May 2023 through April 2024.

10.    Defendant, Just Mike's Jerky Company, Inc. is an Ohio For-Profit Corporation, based in Medina, Ohio. *See* Defendants' website, *available at* https://www.justmikesjerky.com/.

11.    Defendant can be served through its registered agent, Thomas Bowman, 2940 Hood Road, Medina, Ohio 44256.

## JURISDICTION

12.    This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

13.    Plaintiff's state law claims are so closely related to his claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution, and therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

14.    Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendant does business within this District.

## COVERAGE

15.    At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

16.    At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

17.     Based on information and belief, Defendant has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

18.     At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

      a.   Engaged in commerce; or

      b.   Engaged in the production of goods for commerce; or

      c.   Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. supplies, computers, and/or cash registers).

19.     Therefore Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§203(r) and 203(s).

**FACTUAL ALLEGATIONS**

20.     Defendant employs numerous hourly employees who perform duties to include the production of jerky for sale.

21.     Defendant was an "employer" of Plaintiff and those similarly situated to him under the FLSA and OPPA.

22.     Plaintiff previously was employed by Defendant as an hourly, non-exempt "employee" of Defendant as defined by the FLSA and OPPA.

23.     Defendant paid Plaintiff and those similarly situated to him an hourly rate.

24.     Defendant paid Plaintiff an hourly rate of $17.00.

25.     During his employment, Plaintiff and those similarly situated worked forty or more hours in one or more workweek(s).

26.     Each workday, Defendant provided Plaintiff and those similarly situated to him with one thirty-minute, unpaid lunch break.

27.     Defendant also provided two 15-minute breaks to each hourly employee each workday.

28.     At all relevant times, Defendant did not pay Plaintiff or those similarly situated for the two 15-minute breaks.

29.     "Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time." 29 C.F.R. § 785.18.

30.     "The FLSA does not require employers to permit employee breaks. If an employer permits short breaks, however, the employees must be paid for that break time." *Rose v. Velocys, Inc.*, No. 2:17-CV-635, 2018 WL 5927558, at *4 (S.D. Ohio Nov. 13, 2018).

31.     The 15-minute breaks Defendant provided Plaintiff and those similarly situated constitute compensable time under the FLSA.

32.     On or about February 15, 2024, Defendant advised Plaintiffs that Defendant would begin paying Plaintiffs for their two 15-minute rest breaks taken each workday.

33.     At all relevant times, Defendant improperly failed to pay Plaintiff and those similarly situated to him for all hours worked.

34.     Defendant failed to pay Plaintiff and those similarly situated to him for approximately two and one-half hours each week of their employment.

35.     At all relevant times, Defendant improperly failed to pay Plaintiff and those similarly situated to him for all overtime wages owed.

36.     Defendant had/has a common pay policy and/or pay practice that fails to pay its hourly employees for all hours worked and/or overtime wages earned, in violation of the FLSA.

37.     As a result, Plaintiff, and those similarly situated, were/are deprived of wages and other damages due to them under the FLSA.

38.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and those similarly situated to him for all compensable time.

39.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

40.     Defendant has acted willfully in failing to pay Plaintiff and those similarly situated to him in accordance with the law.

## COLLECTIVE ACTION ALLEGATIONS

41.     Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated hourly employees of the opt-in collective. The FLSA collective consists of the following:

**All past and current nonexempt employees of Defendant who were not compensated for breaks of 20 minutes or less during the relevant period ("Collective Members").**

At present, the relevant period includes the three-year period prior to the filing of the Class and Collective Action Complaint and extends forward to the present. The collective defined herein

remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

42.     Plaintiff and the Collective Members performed the same or similar job duties as one another in that they performed various production duties performed in Defendant's production facility.

43.     Plaintiff and the Collective Members were all hired by Defendant to perform hourly work in Defendant's production facility.

44.     Defendant was an "employer" of the class members under the FLSA.

45.     Plaintiff and those similarly situated to him were "employees" of Defendant as defined by the FLSA and OPPA.

46.     Plaintiff and the Collective Members were all paid an hourly rate in exchange for the work performed.

47.     Plaintiff and the Collective Members worked similar hours.

48.     Defendant failed to pay Plaintiff and the Collective Members for breaks of less than 20 minutes taken by Plaintiff and the Collective Members.

49.     As a result, Defendant failed to pay Plaintiff and the Collective Members for all hours worked.

50.     Further, Defendant failed to pay Plaintiff and the Collective Members all overtime wages owed.

51.     Plaintiff and the Collective Members were subjected to the same pay provisions, inasmuch as they were not compensated for the 15-minute breaks each took.

52.     Defendant's failure to compensate Plaintiff and the Collective Members for their 15-minute breaks as required by the FLSA results from a policy or practice wherein Defendant

improperly failed to pay Plaintiff and the Collective Members for all hours worked, and overtime wages owed, and is applicable to all putative Collective Members herein.

53.     These policies or practices were applicable to Plaintiff and the Collective Members.

54.     Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of wages to Plaintiff applies to all Collective Members.

55.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and the class members all hours worked, and overtime wages owed.

56.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

57.     Defendant did not have any good faith basis for its failure to pay Plaintiff, and those similarly situated to him, for breaks of 20 minutes or less in duration.

58.     Defendant has acted willfully in failing to pay Plaintiff and the Collective Members in accordance with the law.

## CLASS ACTION ALLEGATIONS

59.     Plaintiff also brings a claim under the OPPA, arising out of the same facts as alleged above, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

> **All past and current nonexempt employees of Defendant who were not compensated for breaks of 20 minutes or less during the relevant period ("Class Members").**

At present, the relevant period includes the two-year period prior to the filing of the Class and Collective Action Complaint and extends forward to the present.  The class defined herein

remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

60.     Plaintiff's Ohio state law claims, described in detail below, satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

61.     The class numbers approximately 100 people. As a result, joinder of all class members in a single action is impracticable.  Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

62.     There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members.  The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

> a.     Whether Defendant violated the OPPA by paying Plaintiff and class members less than all "wages earned" when it failed to pay them for breaks of less than 20 minutes; and
>
> b.     Whether Defendant acted in good faith.

63.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

64.     Plaintiff's claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

65.     A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims.  Defendant has acted or refused to act on grounds generally applicable to the classes.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

66.     Plaintiff is an adequate representative because he is a member of each of the classes he seeks to represent, and his interests do not conflict with the interests of the members of those classes.  The interests of the members of the classes will be fairly and adequately protected by Plaintiff and his undersigned counsel, who is experienced prosecuting complex wage and hour, employment, and class action litigation.

67.     Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I – UNPAID MINIMUM WAGES

68.     All of the preceding paragraphs are realleged as if fully stated herein.

69.     This claim is brought as part of a collective action by Plaintiff on behalf of himself and the Collective Members.

70.     Plaintiff and the Collective Members were not exempt from receiving minimum wages under the FLSA.

71.     Defendant failed to pay Plaintiff and the Collective Members for all hours worked.

72.     As a result, Defendant failed to pay Plaintiff and the Collective Members the minimum wages to which they are entitled under the FLSA.

73.     Defendant has engaged in a widespread policy, pattern, and practice of violating the FLSA, as detailed in this Complaint.

74.     At all times relevant, Plaintiff and those similarly situated to him were engaged in commerce and/or production of sale of good for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

75.     At all times relevant, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

76.     Defendant was required to pay Plaintiff and the Collective Members the applicable minimum wage for all hours worked from three years prior to the filing of this Complaint to the present.

77.     As a result of Defendant's violations of the FLSA, Plaintiff and the Collective Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

78.     Defendant's unlawful conduct, as described in this Complaint, has been intentional and willful. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the Collective Members.

79.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## COUNT II – UNPAID OVERTIME

80.     All of the preceding paragraphs are realleged as if fully stated herein.

81.     This claim is brought as part of a collective action by Plaintiff on behalf of himself and the Collective Members.

82.     Plaintiff and those similarly situated to him were not exempt from overtime under the FLSA.

83.     The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

84.     During the relevant time period, Plaintiff and the Collective Members worked more than forty hours in one or more workweeks.

85.     During the relevant time period, Defendant failed to pay Plaintiff and the Collective Members overtime for hours that they worked in excess of forty hours in a workweek.

86.     At all times relevant, Plaintiff and those similarly situated to him were engaged in commerce and/or production of sale of good for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 207(a).

87.     At all times relevant, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

88.     As a result of Defendant's unlawful acts, Plaintiff and the Collective Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

89.     Defendant's unlawful conduct, as described in this Complaint, has been intentional and willful. Defendant was aware or should have been aware that the practices described in this

Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the Collective Members.

90.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

<b>COUNT III – VIOLATION OF OPPA</b>

91.     All of the preceding paragraphs are realleged as if fully stated herein.

92.     This claim is brought as part of a class action by Plaintiff on behalf of himself and the Class Members.

93.     During all relevant times, Defendant was an entity covered by the OPPA, and Plaintiff and the Class Members have been employed by Defendant within the meaning of the OPPA.

94.     The OPPA requires Defendants to timely pay Plaintiff and the Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

95.     By failing to pay Plaintiff and the Class Members all wages due to them under the FLSA, Defendant has also violated the OPPA.

96.     Plaintiff and the Class Members' unpaid wages, including overtime, remained unpaid for more than thirty days beyond the regularly scheduled paydays.

97.     In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

98.     As a result of Defendants' willful violations, Plaintiff and the Class Members are entitled to unpaid wages and liquidated damages, as stated in R.C. 4113.15.

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests judgment as follows:

(a)     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied minimum wages for all hours worked, and overtime for all hours worked over 40 in a workweek;

(b)     Unpaid minimum wages and overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, *et seq.*, and the supporting United States Department of Labor regulations;

(c)     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(d)     Designation of Plaintiff as a Class Representative and counsel of record as Class Counsel;

(e)     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

(f)     An injunction requiring Defendant to pay all statutory required wages pursuant to the FLSA and OPPA;

(g)     Unpaid wages and liquidated damages under the OPPA;

(h)     Pre- and post-judgment interest;

(i)     Attorneys' fees and costs of this action;

(j)     A reasonable incentive award for the lead Plaintiff to compensate him for the time he spent attempting to recover wages for Collective Members and Class Members and for the risks he took in doing so; and

(k)     Such other relief as this Court shall deem just and proper.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: August 9, 2024

_s/J. Corey Asay_
J. Corey Asay
HKM EMPLOYMENT ATTORNEYS LLP
312 Walnut Street, Suite 1600
Cincinnati, Ohio 45202
T: (513) 318-4496
F: (513) 318-4496
E: casay@hkm.com

_Counsel for Plaintiff and_
_those similarly situated_

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2024, I filed the foregoing using the Court's CM/ECF system, which I understand will transmit notice to all counsel of record.

<u>s/J. Corey Asay</u>
*Counsel for Plaintiff*
