**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


Noah Sekala,                               )         **CASE NO. 1:24 CV 1369**
                                           )
                                           )
                    Plaintiffs,            )         **JUDGE PATRICIA A. GAUGHAN**
                                           )
          vs.                              )
                                           )
Just Mike's Jerky Company, Inc.,           )
                                           )         <u>**Memorandum of Opinion and Order**</u>
                                           )
                    Defendants.            )


   <u>**Introduction**</u>

      This matter is before the Court upon the parties' Joint Motion to Facilitate Court-

Authorized Notice to Similarly-Situated Potential Plaintiffs and their request for the Court to

determine the scope of "the relevant period" for purposes of notice. (Doc. 20). This is a Fair

Labor Standards Act case. For the following reasons, the motion is GRANTED and the Court

agrees with plaintiff that equitable tolling is appropriate and, therefore, accepts plaintiff's

proposed relevant period for notice purposes as three years before October 17, 2024, until

February 19, 2024.

**Facts**

Plaintiff's Complaint alleges that defendant failed to pay him and other hourly, non-exempt employees for breaks of 20 minutes or less in violation of the Fair Labor Standards Act (FLSA). The parties recently filed a Joint Motion to Facilitate Court-Authorized Notice to Similarly-Situated Potential Plaintiffs. Therein, the parties stipulate, for purposes of court-authorized notice under the FLSA, that plaintiff is similarly situated to other hourly, non-exempt employees of defendant who were not paid for breaks of 20 minutes or less during the relevant time period. Consequently, the parties jointly requested that the Court facilitate court-authorized notice to the following: All past and current non-exempt employees of defendant who were not compensated for breaks of 20 minutes or less during the relevant period.

As stated in that motion, however, the parties disagree on the precise time period that comprises the relevant period for purposes of court-authorized notice and ask the Court to define that period for the parties.

**Discussion**

The FLSA's "collective action" provision allows one or more employees to sue for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). But "unlike a Rule 23 class action, an FLSA collective action is not representative – meaning that 'all plaintiffs in an FLSA action must affirmatively choose to become parties by opting into the collective action.'" *Clark v A&L Homecare and Training Center*, LLC, 68 F.4th 1003, 1009 (6th Cir. 2023) (quoting *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 402 (6th Cir. 2021)). Hence, "under Rule 23, the district court certifies the

2

action itself as a class action; whereas in an FLSA action, under § 216(b), the district court simply adds parties to the suit." *Id.* (citations omitted).

District Courts have broad discretion to allow a party asserting FLSA claims on behalf of others to notify putative class members that they may choose to "opt-in" to the suit. See *Hoffmann La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Court-authorized notice protects against "misleading communications" by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. *Id.* at 170–72.

In *Clark, supra,* the court, noting that under the FLSA plaintiff may litigate minimum wage and overtime claims on behalf of other "similarly situated" employees, had to decide the level of similarity that is necessary for a district court to facilitate notice of suit to employees who were not originally parties (i.e., potential plaintiffs). Ultimately, the court modified the "fairly lenient" standard for conditional certification used in this circuit which only required that a plaintiff make a modest factual showing that he is similarly situated to the other employees he is seeking to notify.[1] The court preserved the two-step process already in place but heightened the showing that plaintiffs must make before a court will agree to facilitate notice to potential plaintiffs. Under this heightened showing, "To the extent practicable... court-approved notice of the suit should be sent only to employees who are in fact similarly

---

[1]    This was the first step of a two-step framework. After completion of merits discovery, if the case had not settled or otherwise been resolved, the district court would undertake the second step of taking a closer look at whether those other employees are, in fact, similarly situated to the original plaintiffs. If so, the court would grant "final certification."

situated." *Clark,* 68 F.4th at 1010. The court adopted a "strong likelihood" standard. The court

explained:

> A district court's determination to facilitate notice in an FLSA suit is analogous to a
> court's decision whether to grant a preliminary injunction. Both decisions are
> provisional, in the sense that the court renders a final decision on the underlying issue
> (whether employees are "similarly situated" here, success on the merits there) only
> after the record for that issue fully developed; yet both decisions have immediate
> consequences for the parties. Three of the four prongs of the preliminary-injunction
> standard—namely, the ones concerning "irreparable injury," "substantial harm to
> others," and the "public interest," *see, e.g., Memphis A. Philip Randolph Institute v.
> Hargett,* 2 F.4th 548, 554 (6th Cir. 2021)—are inapposite here. What the notice
> determination undisputedly shares in common with a preliminary-injunction decision,
> rather, is the requirement that the movant demonstrate to a certain degree of
> probability that she will prevail on the underlying issue when the court renders its final
> decision.
>
> We adopt that part of the preliminary-injunction standard here; and we hold that, for a
> district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must
> show a "strong likelihood" that those employees are similarly situated to the plaintiffs
> themselves. *See, e.g., id.* That standard requires a showing greater than the one
> necessary to create a genuine issue of fact, but less than the one necessary to show a
> preponderance. The strong-likelihood standard is familiar to the district courts; it
> would confine the issuance of court-approved notice, to the extent practicable, to
> employees who are in fact similarly situated; and it would strike the same balance that
> courts have long struck in analogous circumstances.
>
> In applying this standard, district courts should expedite their decision to the extent
> practicable. The limitations period for FLSA claims typically is two years. 29 U.S.C. §
> 255(a). If the plaintiffs in an FLSA suit move for court-approved notice to other
> employees, the court should waste no time in adjudicating the motion. To that end, a
> district court may promptly initiate discovery relevant to the motion, including if
> necessary by "court order." Fed. R. Civ. P. 26(d)(1).

*Id.* at 1010-1011.

While the parties have stipulated that plaintiff is similarly situated to other hourly non-

exempt employees, the parties dispute whether equitable tolling[2] should be available to

---

[2]      The doctrine of equitable tolling "permits courts to extend the statute of
         limitations on a case-by-case basis to prevent inequity." *Baden-Winterwood v. Life*

4

would-be opt-in plaintiffs. Each party sets forth its respective position.

Plaintiff maintains that because there was a period of discovery to determine whether plaintiff was similarly situated to other employees, the relevant period should be tolled to account for the delay the discovery period created in seeking court-authorized notice. As such, plaintiff believes the relevant period should include the three-year period prior to the start of discovery which plaintiff asserts would be the date of the Case Management Conference on October 17, 2024, and up to February 19, 2024, which was the date that defendant began paying hourly, non-exempt employees for breaks of 20 minutes or less. Defendant maintains that plaintiff cannot preemptively obtain equitable tolling on behalf of potential opt-in plaintiffs and, therefore, the relevant period should be from the date three years before the Court grants the parties' Joint Motion to Facilitate Court-Authorized Notice to Similarly-Situated Potential Plaintiffs up to February 19, 2024.[3]

For the following reasons, the Court agrees with plaintiff that equitable tolling should apply and, thus, accepts plaintiff's proposed relevant period.

In his concurring opinion in *Clark, supra*, Judge Bush stated:

I fully join the majority opinion but write separately because equitable tolling should be made available to plaintiffs in collective actions under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. The statute of limitations for FLSA actions is usually

_____

*Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007) (citing *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)).

[3]     The Complaint pleads a willful violation (Doc. 1 at ¶ 79) which permits a three-year limitations period instead of the normal two, 29 U.S.C. § 255(a), and both parties anticipate a three-year period. An action is "commenced" by a named plaintiff on the date the complaint is filed, subject to certain exceptions. 29 U.S.C. § 256. But, for a potential plaintiff who may be eligible to opt in, an action commences when he files a written consent to join the action. 29 U.S.C. § 256(b).

two years. 29 U.S.C. § 216(b). The heightened standard we announce, with its
concomitant discovery and requirement to litigate defenses[4], may significantly
lengthen the period before potential plaintiffs are notified of a pending FLSA lawsuit.
As a result, many potential plaintiffs may not learn of the FLSA action until after the
limitations period for some or all of their claims has run.

*Id.* at 1012. Judge Bush noted that "implementation of the newly announced standard without

consideration of tolling is likely to deplete remedies Congress has duly provided." *Id.* at 1013.

The Court finds Judge Bush's reasoning to be persuasive. He noted that late notice was

already a factor in the FLSA notification process and there would be further delay when

following the new procedure set forth in the majority's opinion. He explained that notice is

not explicitly provided for in the FLSA and "it necessarily follows that the way notice

interacts with the statute of limitations also is not explicitly described." But, he noted that

Supreme Court precedent recognized that the statutory framework requires "accurate and

timely notice concerning the pendency of the collective action, so that [plaintiffs] can make

informed decisions about whether to participate." *Id*. at 1013 (citing *Hoffmann-La Roche Inc.

v. Sperling*, 493 U.S. 165, 170(1989)). Timely notice must mean that the recipient "will have

the right to act upon it rather than have that right denied because of a statute of limitations that

ran before the notice was received." *Id.* Thus, Judge Bush concluded that equitable tolling is

supported by the statute.

Judge Bush stated that FLSA tolling should be recognized by analogy to that of a class

action where class members' claims are deemed to relate back to the date of filing of the class

action complaint once the class is certified. Both the FLSA and Rule 23 have a "key goal" in a

---

[4]     The court stated that defenses were to be litigated as part of the initial merits
determination, i.e., for determining similarity.

collective action which channels litigation through one case and "avoids a multiplicity of activity." *Id*. at 1014 (internal citations omitted).  Under class action precedent, "The main purpose of the statute of limitations is met when defendants are informed of the claims by the initial plaintiffs and therefore glean the "generic identities" of the plaintiffs and the "subject matter and size" of the litigation."  (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974)). He recognized that "our newly announced standard protects defendants just like the 1966 Rule 23 amendments, but it creates the need to toll the statute of limitations." *Id.*

Judge Bush cited Supreme Court precedent, "It is hornbook law that limitations periods are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute. Congress must be presumed to draft limitations periods in light of this background principle." (citations omitted). The Court agrees that it is not against the intent of Congress to toll the statute of limitations. Judge Bush also recognized that "tolling the FLSA limitations period is familiar to federal courts"... and especially "in jurisdictions that have heightened the bar for determining whether potential plaintiffs are "similarly situated" with party plaintiffs." (citations omitted). In this circuit, he cited *Betts v. Cent. Ohio Gaming Ventures, LLC,* 351 F. Supp. 3d 1072 (S.D. Ohio 2019), where the court tolled the FLSA statute of limitations as the appropriate remedy on the basis that the delay was beyond the movants' control. He quoted the court's finding that "in situations where court delay has time-barred a sizeable number of potential plaintiffs, many courts find that the delay alone warrants equitable tolling and decline to analyze the typical equitable tolling factors[5]."

---

[5]     Generally, a court considers the following factors in determining whether to apply equitable tolling: (1) lack of actual notice of the filing requirement, (2) lack of constructive knowledge of filing requirement, (3) diligence in pursuing one's

Judge White, who dissented[6] from the majority in *Clark,* concurred with Judge Bush on equitable tolling:

> A lenient notice standard serves plaintiffs, defendants, and judicial economy. It is essential that courts move quickly under the FLSA because the statute of limitations is not automatically tolled at filing for similarly situated plaintiffs who have yet to opt in. See 29 U.S.C. § 255(a) (requiring claim within two years after the cause of action accrued, or within three years if the cause of action arises out of a willful violation); cf. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (tolling claims for Rule 23 class members). I thus agree with Judge Bush that, given the court's new standard, district courts should freely grant equitable tolling to would-be opt-in plaintiffs.

*Id.* 1016-1017.

Considering the heightened standard to be applied after *Clark* in determining similarity which includes the litigation of defenses, the Court finds that the application of equitable tolling is appropriate here.  Because delay alone warrants equitable tolling, the Court need not analyze the equitable tolling factors. *Clark,* 68 F.4th at 1015 (concurrence citing *Betts, supra*).

The Court agrees with plaintiff's argument that "because of the discovery period required by *Clark*, there are inevitably employees who will be time-barred by the delay. Equitable tolling addresses that issue and allows those individuals to receive notice to make the decision about whether to join this action." (Doc. 20 at 5). Plaintiff points out that other courts in this circuit have applied equitable tolling after *Clark.*

In *Cordell v. Sugar Creek Packing Co.,* 691 F.Supp.3d 838 (S.D.Ohio Sept. 11, 2023),

---

rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

[6]     Judge White dissented from the majority's departure "from the 'fairly lenient' standard long used in this circuit and nationwide... [b]ecause the majority's novel approach has the potential to undercut both the FLSA's 'broad remedial goal' and the role of district courts as case managers."

Judge Marbley found that equitable tolling was appropriate and noted that "[w]hile the controlling opinion in *Clark* provided no commentary on equitable tolling, both the concurrence and dissent in that decision—i.e., a majority of the panel—endorsed the proposition that equitable considerations support the use of tolling for FLSA collective actions." *Id.* at 849 (internal quotations omitted).

In *Duncan v. Magna Seating of America,* 2024 WL 1049467 (E.D.Mich. March 11, 2024), Judge Parker granted the plaintiff's motion for equitable tolling of the statute of limitations for potential opt-in plaintiffs. Noting that the decision to grant equitable tolling "lies solely within the discretion of the trial court," the court permitted tolling without considering the typical equitable tolling factors based on the delay caused by *Clark's* heightened standard which contemplates the need for discovery before a decision on whether notice should issue.[7] The court rejected the defendant's argument, also made by defendant herein, that plaintiff lacks standing to seek equitable tolling on behalf of potential opt-in plaintiffs whom plaintiff does not represent:

> [T]he Sixth Circuit made clear in *Clark,* both in the majority opinion and Judge Bush's concurring opinion, that the law and circumstances are different now. Defenses, such as a limitations defense, are no longer "off limits for purposes of the notice determination[.]" They must be litigated—and therefore presented and responded to—as part of the merits determination by Plaintiff.

*Duncan* at *2 (internal citations omitted). Consequently, earlier cases concluding that it is premature to consider equitable tolling before a plaintiff opts in, are no longer applicable in light of *Clark.* The court also rejected defendant's argument that tolling for absent plaintiffs

---

[7]     The court noted that it had also caused a delay by issuing a stay pending resolution of *Clark.*

would go against congressional intent given Judge Bush's discussion in *Clark* on the issue.

*Clark,* 68 F.4th at 1013-14 (Judge Bush addressed the fact that notice to non-parties is not

explicitly provided for in the statute and, likewise, the way notice interacts with the statute of

limitations is not explicitly described, but the statute does require "accurate and timely notice

concerning the pendency of the collective action" which would ensure that a recipient not be

denied the right to act on the notice because of an expired statute of limitations. Further, Judge

Bush recognized that "[i]t is hornbook law that limitations periods are customarily subject to

equitable tolling, unless tolling would be inconsistent with the text of the relevant statute.

Congress must be presumed to draft limitations periods in light of this background principle.")

Finally, in *Hyde v. Fricker's USA, LLC,* 2024 WL 4197903 (S.D.Ohio Sept. 16, 2024),

Judge Hopkins granted plaintiff's motion for equitable tolling finding that the "new

framework [announced in *Clark*] has the predictable consequence of lengthening the already

lengthy pre-notice stage of an FLSA collective action because discovery will generally be

required to meet the new threshold inquiry for court facilitated notice." And, "without the

equitable tolling of the statute of limitations, the *Clark* standard creates a serious risk of harm

to opt-in plaintiffs due to the potentially elongated pre-notice period."

The *Hyde* court rejected the argument that defendant herein makes that plaintiff does

not have standing to request equitable tolling for any potential opt-in plaintiffs. This Court

agrees with the reasoning. Like defendant here, the plaintiff in *Hyde* argued that because

notice had not been issued to potential opt-in plaintiffs, plaintiff lacked standing to seek

equitable tolling on their behalf. But, the court noted that *Clark's* new standard "shifted the

majority of the fact-finding mission of a FLSA plaintiff to the pre-notice stage of the

10

litigation" which will significantly lengthen the period before notice is issued to potential plaintiffs. *Id.* at *3  And, as recognized in *Clark,* plaintiff has an implied right to proceed on behalf of potential similarly situated plaintiffs. Logically, plaintiff has standing to seek equitable tolling of the statute of limitations on their behalf.

Additionally, and as pointed out by plaintiff herein, courts pre-*Clark* equitably tolled the statute of limitations for potential plaintiffs in FSLA cases. The *Hyde* court concluded that *Clark* and Judge Bush's concurring opinion reinforce that court's belief that equitable tolling "is sound and should remain unchanged."

Defendant relies on Judge Fleming's opinion in *Adames v. Ruth's Hospitality Group, Inc.* 2024 WL 1533171 (N.D.Ohio April 9, 2024), which found that plaintiff lacked standing to raise the issue of equitable tolling on behalf of potential opt-in plaintiffs because it would adjudicate rights and responsibilities of individuals not within the court's jurisdiction. *Adames* also noted that the *Clark* majority was silent on the issue of equitable tolling, and the concurring and dissenting opinions lack authoritative weight. *Adames* relied on the reasoning of *Jones v. Ferro Corp.,* 2023 WL 4456815 (N.D. Ohio July 11, 2023), wherein Magistrate Judge Armstrong found that while courts are divided on whether it is appropriate for FLSA courts to equitably toll the statute of limitations for potential opt-in plaintiffs, she concluded that the plaintiff's motion for equitable tolling on behalf of potential opt-in plaintiffs was premature.

However, the *Hyde* court pointed out that *Jones* relied on cases decided pre-*Clark* and found that "support for *Jones* has diminished in the wake of *Clark.*" *Id.* at *7. The court instead concluded, "In this Court's view, pre-*Clark* decisions (and cases that rely on them)

11

which have concluded that it is premature for a district court to consider equitable tolling before a plaintiff opts in to an FLSA action no longer offer persuasive authority." This Court agrees.

For these reasons, the parties' Joint Motion to Facilitate Court-Authorized Notice to Similarly-Situated Potential Plaintiffs is granted. Equitable tolling is appropriate and the Court tolls the period of time from October 17, 2024, until the date notice is issued. Accordingly, the Court accepts plaintiff's proposed relevant period for notice purposes as three years before October 17, 2024, until February 19, 2024.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:  6/3/25